IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND E. TAFT, | ) | |
|     Plaintiff | ) | C.A. 15-292 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| NANCY A. MORRIS, et al., | ) | |
|     Defendants. | ) | |

# MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

On December 4, 2015, Plaintiff Raymond E. Taft, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, against the following named Defendants: Nancy A. Morris ("Morris") and Carl McKee ("McKee"), probation officers with the Warren County Department of Parole and Probation; and attorneys John Parroccini, Esquire ("Parroccini"), Joan Fairchild, Esquire ("Fairchild"), and Alan M. Conn, Esquire ("Conn").

Plaintiff alleges that each of the Defendants violated his constitutional right to due process and committed defamation by allegedly misrepresenting to the Court of Common Pleas of Warren County, Pennsylvania, that Plaintiff was a repeat sex offender. In particular, Plaintiff alleges that, on February 23, 2015, he discovered new evidence that Defendant Conn "was

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF

1

ineffective for instructing Plaintiff to enter a guilty plea to an illegal sentence" for failing to register as a sex offender. (ECF No. 5, Complaint, at p. 5, ¶ 1). On March 9, 2015, Defendant Fairchild was appointed to file an amended PCRA petition on behalf of Plaintiff and to represent him at the PCRA hearing. (Id. at ¶ 2). On May 18, 2015, Plaintiff received documentation from the State of Michigan allegedly showing that he did not have a second victim under the age of 13, thus allegedly showing that he was improperly sentenced as a repeat sex offender based upon false information. (Id. at ¶ 5). Plaintiff alleges that this "newly discovered evidence" was provided to Defendant Fairchild on May 19, 2015, but she filed a motion to withdraw as his counsel, instead of investigating the matter. (Id. at ¶ 6). On May 20, 2017, Plaintiff allegedly informed Defendants Parroccini and Conn of the newly discovered evidence, but neither one did anything to investigate or to have his name removed from the sex offender registration. (Id. at ¶ 7). Then, on May 21, 2015, Plaintiff wrote both Defendants Morris and McKee to inform them of the newly discovered evidence, but neither did anything to "support his innocence." (Id. at ¶ 8). As relief for his claims, Plaintiff seeks compensatory and punitive damages from each Defendant.

On June 27, 2016, Defendants filed a motion to dismiss [ECF No. 13], arguing, *inter alia*, that Plaintiff's due process claims are barred by the *Rooker-Feldman* doctrine and/or the *Younger* abstention doctrine, or, alternatively, that: (1) Plaintiff's due process claims against Defendants Parroccini and Conn must be dismissed because neither is considered a state actor under 42 U.S.C. § 1983; and (2) Defendants Morris and McKee are entitled to quasi-judicial immunity. In

Nos. 3, 12].

addition, Defendants argue that Plaintiff's state law defamation claims are barred by the one-year statute of limitations and fail to state claims upon which relief may be granted in any event. Plaintiff has since filed a response and brief in opposition to Defendants' motion essentially restating his claims. [ECF Nos. 24, 25]. This matter is now ripe for consideration.

### B.     Standards of Review

#### 1.     Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). Since Defendants in this case are challenging this Court's subject matter jurisdiction under Rooker-Feldman, they are invoking a factual challenge. See McCurdy v. Esmonde, 2003 WL 223412, at *4 (E.D.Pa. Jan. 30, 2003) (finding that since "*Rooker-Feldman* turns on whether the issues were or could have been raised in the state court … or whether [they] are inextricably intertwined with the state court judgment," the issues raised by the 12(b)(1) motion were fact-based.)

When a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). Thus, in reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir.

2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.; cf. Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

### 2. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

4

conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II. DISCUSSION

### A. *Rooker-Feldman* Doctrine

Plaintiff's opposition brief makes clear that the crux of his constitutional due process claim is that he is "serving an illegal sentence of 3-10 years" because the sentence was based upon allegedly false information that he is a repeat sex offender, which all Defendants failed to refute. (ECF No. 25, Plaintiff's Brief, at p. 1). Thus, Plaintiff is essentially asking this Court to recognize that he has been wrongfully sentenced, incarcerated, and subjected to lifetime registration as a sex offender as a result of Defendants' misconduct, and to grant him relief

6

accordingly.

The first analysis must be to determine whether or not this court has jurisdiction over the subject matter of this action, as the federal courts are courts of limited jurisdiction. It is well-settled that federal district courts lack subject matter jurisdiction "over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co, v. Fox Rothschild, LLP, 615 F.3d 159, 165 (3d Cir. 2010), cert. denied, 536 U.S. 904 (2011). Under the *Rooker-Feldman* doctrine,[2] a federal district court does not have authority to review the propriety of a state court judgment where the losing party in the state court proceeding complains of injuries from that judgment. See Gary v. Braddock Cemetary, 517 F.3d 195, 201 (3d Cir. 2008); Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed. Appx. 149 (3d Cir. 2009) (holding that *Rooker-Feldman* applies to claims actually raised in state court, as well as to those that were not raised but are "inextricably intertwined" with the state court adjudication). In general, the *Rooker-Feldman* Doctrine is applicable where the Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

The Third Circuit Court has recognized four requirements for applying the jurisdictional bar of the *Rooker-Feldman* doctrine: (1) The federal plaintiff lost in state court; (2) the federal plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered

---

[2] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

before the federal suit was filed; and (4) the federal plaintiff is inviting the district court to review and reject the state judgments. Great W. Mining & Mineral Co., 615 F.3d at 166. All four of these requirements are met in this case.

Here, Plaintiff claims that his due process rights were violated by Defendants' actions in pursuing, allowing and/or condoning his alleged wrongful sentence and imprisonment. Thus, Plaintiff is, in essence, asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence, in an effort to have damages assessed against the individuals deemed responsible for the imposition and execution of such judgment. In order to grant such relief, a determination that the state court judgment was erroneous must occur, which would render the state court sentencing decision "ineffectual." This is precisely the type of finding *Rooker-Feldman* prevents. Thus, Defendants' motion to dismiss Plaintiff's constitutional due process claims based on this Court's lack of subject matter jurisdiction will be granted.[3]

### B. Defamation

Plaintiff also alleges a claim of defamation against each of the Defendants in connection with the alleged misrepresentation that he is a repeat sex offender. This is a pendent state law claim under Pennsylvania law, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that it lacks jurisdiction over Plaintiff's constitutional due process claim against the Defendants, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state

---

[3] Because the Court is dismissing Plaintiff's due process claims on jurisdictional grounds, Defendants' other grounds for dismissing such claims will not be addressed, though they are also found to have merit.

law defamation claim against the same Defendants. As a result, Plaintiff's defamation claim will be dismissed.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   March 7, 2017